**LIN FA DONG, Qin Chen, Petitioners,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1026–ag.**

United States Court of Appeals, Second Circuit.

April 12, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Jan Paul Miller, United States Attorney for the Central District of Illinois, Rodger A. Heaton, Assistant United States Attorney, Springfield, Illinois, for Respondent.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

200

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 12th day of April, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lin Fa Dong and Qin Chen, through counsel, petition for review of the BIA decision affirming an immigration judge's ("IJ") denial of their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). An IJ's factual findings are reviewed under the substantial evidence standard and can be overturned only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Damko v. INS,* 430 F.3d 626, 635 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). This Court will review questions of law and mixed questions of law and fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

 The IJ's finding that Dong did not suffer past persecution on account of his participation in the Chinese student movement is supported by substantial evidence. The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 222–23 (BIA 1985). Persecution also requires that the alleged harm be severe. *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive")). However, none of the incidents about which Dong testified are severe enough to constitute persecution. Accordingly, the IJ's finding, as upheld by the BIA, that Dong did not suffer past persecution on account of his involvement in the student demonstrations is supported by substantial evidence in the record.

 Neither Dong nor Chen testified that they suffered past persecution under the family planning policy in China; therefore, the IJ properly determined that they failed to prove eligibility for asylum or withholding of removal based on past persecution. The IJ also reasonably determined that Dong and Chen failed to prove that they had a well-founded fear of persecution on account of the family planning policy in China; specifically, they failed to prove that their fear was objectively reasonable. The IJ referred to the State Department's profile of asylum claims from China, which indicates that the family planning policy is not uniformly enforced, and which support the IJ's finding. *See Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005).

Dong and Chen argue that the IJ used the incorrect standard of law when he implied that they could meet their burden "[o]nly if the respondent can offer persuasive evidence that, contrary to the State Department report, coerced abortions and sterilizations continue to systematically occur." However, their argument fails to consider the context in which the IJ made this statement. The IJ had already analyzed the documents in the record and determined that the documents did not

support Dong's and Chen's assertions that their fears of persecution on account of the family planning policy were objectively reasonable. The IJ's statement against which Dong and Chen argue, indicates only that they carry the burden of proof under 8 U.S.C. § 1158(b)(1)(B), and the record, without any additional information, prevented them from meeting that burden. The IJ reasonably determined that they failed to meet their burden of proving that there is a reasonable likelihood of persecution under the family planning policy if they return to China.

■ Dong and Chen also argue in their brief that the IJ and BIA erred in not considering whether the excessive fines they might receive for violating the family planning policy could amount to economic persecution. This Court lacks jurisdiction over this claim because it was not previously raised before the BIA. 8 U.S.C. § 1252(d)(1). This type of claim is not a subsidiary argument, which is purely legal in nature, that would fall within an exception to the statutory exhaustion doctrine. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342–43 (2d Cir.2006) (discussing *Gill v. INS,* 420 F.3d 82, 86–87 (2d Cir.2005)).

■ Dong and Chen do not challenge the denial of their CAT claims or requests for voluntary departure. Accordingly, any challenges with respect to these forms of relief are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).